## JACOB H. SCHRYVER v. COLUMBIA LODGE OF ODD FELLOWS.

WHERE LAWS OF ORDER PROVIDE FOR A LODGE TRIAL OF DISPUTES, MEMBER MUST SUBMIT.

A member of a beneficial lodge of Odd Fellows claimed that he was entitled to weekly benefits, under their constitution and by-laws, on account of inability to labor in consequence of paralysis; he presented his claim according to the rules of the lodge; it was examined and rejected. He appealed to each of the superior lodges until it reached the Sovereign Grand Lodge of the United States, who remanded the case to the lodge where it was first heard, with instructions to investigate the claim of the said member for benefits. Thereupon this member brought an action at law for his benefits against said lodge. The defendants pleaded the foregoing facts, and further stated that they were willing to investigate the plaintiff's claim, but that he refused to appear, or furnish evidence, or submit to an examination.

Held—That this answer constituted a defense to the action. This case recognizes the rule that where a person goes into a voluntary association, whose laws provide for the trial of his disputes or claims, he must submit them to his own forum, and he is concluded by its decision.

ERROR to the Court of Common Pleas of Pickaway county.

CLARK, J.

The plaintiff in his petition alleged that the defendants were a corporation; that by their constitution and by-laws it was their duty to pay to each member of the lodge in good standing, who shall have been a member for a period of six months, and shall have advanced beyond the third degree, and shall not be in arrears for dues, a sum of not less than five dollars per week, whenever such member become disabled by reason of sickness from following some legitimate business;

that he had become a member of said lodge and passed beyond the third degree before the first of March, 1876; that on the first of March, 1876, he was a beneficial member of said lodge, and had passed beyond the third degree for a period more than six months prior to said date; and at said date was not in arrears for dues; that on the first of March, 1876, he became disabled from following any legitimate business; to-wit, he became partially paralyzed in his right side, which rendered him incapable of attending to any legitimate business and he had remained so from that time until the 20th day of January, 1882; that on or about March 20th, 1876, he notified the said lodge of his disability, and requested them to pay him the weekly benefit of five dollars; that the lodge did pay him said benefits until the 30th of April, 1880, when, without any reason, they refused to pay him the same, or any part thereof. The plaintiff asked judgment for his weekly benefits from April 30, 1880, until January 2, 1882, being eighty-nine weeks, and amounting to $445.00.

The plaintiffs pleaded several defenses, but the following answer number one shows the facts on which the case was finally determined.

They set forth, in said answer, the law of the Independent Order of Odd Fellows, and of the said Columbia Lodge, as contained in their constitution and by-laws. Among other things it was therein provided that a member who was sick or disabled, and who resided out of the jurisdiction of his lodge, should receive the benefits he was entitled to upon presenting to the lodge satisfactory evidence as to the cause and duration of his illness; that the application of such member should be presented as often as once in two months during such illness or disability; that in default of such application within that time the lodge was not bound for payment of such benefits, unless by a vote of two-thirds of the members present; that should a dispute arise upon such claim for benefits, between a member and the lodge, the question of sickness or disability should be referred by the Noble Grand to one or more respectable physicians, whose decision, if approved by a vote of two-thirds of the members present, shall be final.

Defendants further alleged that the plaintiff resided out of the jurisdiction of the lodge, and did not make his application for benefits between April 30, 1880, and February 17, 1882, as required by the said by-laws—that the question of the plaintiff's disability was examined into in June, 1880, as provided in said by-laws, and his claim was rejected; that the plaintiff failed to perform the conditions and furnish the evidence of his disability as he was required to do.

That on the 20th day of January, 1882, the plaintiff first made his claim to the lodge for benefits for eighty-nine weeks, or for the time extending back to April 30, 1880; that said claim was examined, and on the 17th of February, 1882, the lodge refused to pay the same; that the plaintiff took an appeal, as he had a right to do, to the District Grand Committee, the next highest court of the Order; that said committee dismissed his appeal; that the plaintiff then appealed to the Grand Lodge of the Independent Order of Odd Fellows of the state of Ohio, who also dismissed the appeal; that the plaintiff then appealed to the Sovereign Grand Lodge, being the supreme head of said order, who remanded the appeal of the plaintiff with instructions, to said Columbia Lodge, to investigate his claim for benefits. The defendants further alleged that after his claim had been so remanded and he had due notice thereof, he neglected and refused to appear before the said lodge and to present any evidence of the cause and duration of his alleged illness; that he refused to permit any investigation of his physical condition; that on the 23d of July, 1883, the defendants sent two doctors to visit the plaintiff at his home, but he refused to allow them to examine his physical condition; that these facts were reported by the defendants to the Grand Lodge of Ohio, who approved of the action of defendants.

The defendants further alleged that they had been, at all times, willing to investigate the claim of the plaintiff, but he refused and wholly failed to comply with the requirements of said contract on his part.

To this answer, the plaintiff demurred; the court of common pleas overruled the demurrer, and the case was dismissed. The plaintiff then filed his petition in error in the .circuit court of said county.

The circuit court affirmed the judgment of the court of common pleas, without further explanation or discussion.

Smith & Morris, attorneys for plaintiff.

John Van Deman and Page, Abernethy & Folsom, for defendants.

They cited the following cases: Harrington v. W. B. Association, Supreme Court of Georgia, April 24, 1883; 6 Law Bulletin, 237; 10 *Id.* 2; 14 *Id.* 237; 45 Am. Rep., 449; 4 Penn. St., 519; 28 Penn. St., 221; 13 Md., 9; 2, Wharton, 309; Hirsh on Law of Fraternities, pages 49, 54 and 55.